UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| MARCIA BILLHARTZ, as trustee of the MARCIA BILLHARTZ REVOCABLE TRUST U/A DATED 10/25/90,<br><br>    Plaintiff,<br><br>v.<br><br>FIRST CO. BANCORP, INC.,<br>WARD BILLHARTZ, individually,<br>THE WARD BILLHARTZ TRUST, and<br>MARK ZAVAGLIA.,<br><br>    Defendants. | Case No. 3:20-cv-817 |

## NOTICE OF REMOVAL

Defendant First Co. Bancorp, Inc. ("First Co") respectfully notifies this Court that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, it has on this day removed the action styled *Marcia Billhartz, as trustee of the Marcia Billhartz Revocable Trust U/A dated 10/25/90 v. First Co. Bancorp, Inc., et al.*, Case No. 2020-L-001146, from the Third Judicial Circuit, Madison County, Illinois, to the United States District Court for the Southern District of Illinois. In support of its Notice of Removal, First Co states as follows:

## BACKGROUND

1. Plaintiff Marcia Billhartz, as trustee of the Marcia Billhartz Revocable Trust U/A 10/25/90 ("Plaintiff") filed this action on or about August 11, 2020.

2. First Co is a bank holding company that owns and controls a bank that has locations in Southern Illinois and Eastern Missouri. Plaintiff owns approximately 45% of First Co's outstanding common shares.

3. In her Complaint, Plaintiff alleges that the individual defendants (employees and directors of First Co) have engaged in numerous acts of minority shareholder oppression and self-dealing in violation of Illinois law. Among the bad acts alleged are a failure to pay dividends, taking of excessive salaries, paying disguised dividends to employee shareholders, waste of corporate assets, and failing to apprise Plaintiff of the ongoing operations of First Co. Plaintiff seeks damages "in excess of $50,000", seeks an order requiring defendants purchase her trust's shares in First Co, and seeks a declaration that the shares can be transferred without approval of the other shareholders or First Co.

4. Plaintiff has not served any of the named defendants as of the filing of this Notice of Removal.[1]

5. This Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum or value of $75,000, exclusive of costs and interests, and this action is between citizens of different states.

### The Amount in Controversy Exceeds $75,000

6. Although Plaintiff seeks damages "in excess of $50,000", Plaintiff does not identify the precise amount of damages she seeks. When the complaint does not state a precise amount in controversy, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

---

[1] Because none of the in-state defendants have been "joined and served" as of the filing of this Notice of Removal, the "forum defendant rule" in 28 U.S.C. § 1441(b) does not apply.  *See Massey v. Cassens & Sons, Inc.*, 2006 WL 381943, at * 1 (S.D.Ill. Feb. 16, 2006); *Texas Brine Co. LLC v. American Arbitration Association*, 955 F.3d 482, 486 (5th Cir. 2020); *Gibbons v. Bristol-Myers Squibb Co. and Pfizer Inc.*, 919 F.3d 699 (2d Cir. 2019); *Encompass Insurance Company v. Stone Mansion Restaurant Inc.*, 902 F.3d 147 (3d Cir. 2018); *McCall v. Scott,* 239 F.3d 808, 813 n.2 (6th Cir. 2001); *D.C. v. Abbott Laboratories Inc.*, 323 F.Supp.3d 991, 996-97 (N.D.Ill. 2018).

- 3 -

7.  Here, Plaintiff alleges the defendants have engaged in wrongful conduct since she acquired her shares in First Co in August 2006. As stated above, Plaintiff seeks economic damages for non-payment of dividends and corporate waste, and Plaintiff seeks an order requiring defendants to purchase her trust's shares in First Co for their fair value, among of other relief. Before filing the Complaint, Plaintiff made a settlement demand of $75,000,000, the majority of which represented the alleged value of her trust's shares. *See Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006) (settlement demand held admissible for purposes of determining amount-in-controversy requirement).

8.  Plaintiff's valuation of the shares at issue is grossly inflated, and First Co adamantly disputes that Plaintiff is entitled to *any* damages. Nevertheless, taking the allegations in Plaintiff's Complaint at face value for removal purposes only, and considering Plaintiff's pre-litigation demand, the value of the monetary damages and other relief sought by Plaintiff easily exceeds the amount-in-controversy requirement.

Complete Diversity Exists Between Plaintiff and Defendants

9.  Plaintiff is the trustee of the Marcia Billhartz Revocable Trust U/A 10/25/90. For purposes of diversity jurisdiction, Plaintiff's jurisdictional citizenship is determined by her place of citizenship. *Grede v. Bank of New York Mellon*, 598 F.3d 899, 901 (7th Cir. 2010) ("[A] trust's citizenship is that of the trustee, rather than the beneficiaries, for the purpose of 28 U.S.C. § 1332(a)."). Plaintiff is a resident and citizen of the State of Florida.

10. First Co is a corporation organized under the laws of the State of Illinois with its principal place of business in Collinsville, Illinois. First Co is therefore a citizen of the State of Illinois for purposes of determining diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

11. Defendant Ward Billhartz has been named in his individual capacity and as trustee of The Ward Billhartz Trust. Ward Billhartz is a resident and citizen of the State of Illinois. Accordingly, Ward Billhartz (individually and as trustee) is a citizen of the State of Illinois for purposes of determining diversity jurisdiction. *Grede*, 598 F.3d at 901.

12. Defendant Mark Zavaglia is a citizen and resident of the State of Illinois.

13. Accordingly, complete diversity exists between Plaintiff, a citizen of the State of Florida, and defendants, all of whom are citizens of the State of Illinois.

## CONCLUSION

14. Because complete diversity exists between the parties and the amount-in-controversy requirement is satisfied, removal of this case to this Court is proper pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

15. Venue is proper in this Court for purposes of removal, as the Third Judicial Circuit, Madison County, Illinois, is located within the Southern District of Illinois. 28 U.S.C. 105(b)(3); 28 U.S.C. 1441(a).

16. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed with this Court.

17. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the Circuit Court of Madison County, Illinois.

18. Pursuant to 28 U.S.C. § 1446(a), a copy of Plaintiff's Complaint, together with "all process, pleadings, and orders" are attached hereto as **Exhibit A**.

19. This Notice of Removal is timely, as the 30-day removal period under Section 1446(b) has not yet started to run because First Co has not been served.

20. First Co need not obtain consent for removal from the other defendants because they have not been served. *Massey v. Cassens & Sons, Inc.*, No. 05-CV-598-DRH, 2006 WL 381943, at *1 n. 3 (S.D. Ill. Feb. 16, 2006) ("[U]nserved defendants need not consent to removal.").

21. In the event Plaintiff files a request to remand, or the Court considers remand *sua sponte*, First Co respectfully requests the opportunity to submit additional argument and evidence in support of removal jurisdiction.

22. First Co has given the undersigned attorneys authority to sign and file this Notice of Removal.

23. First Co reserves all of its defenses, including, without limitation, the right to amend or supplement this Notice of Removal.

WHEREFORE, First Co removes the action captioned as *Marcia Billhartz, as trustee of the Marcia Billhartz Revocable Trust U/A/ dated 10/25/90 v. First Co. Bancorp, Inc., et al.*, Case No. 2020-L-001146, from the Third Judicial Circuit, Madison County, Illinois, to this Court.

Respectfully submitted,

THOMPSON COBURN LLP

By: */s/ Brian A. Lamping*
    Lawrence C. Friedman, #06192019
    Brian A. Lamping, #6298496
    One US Bank Plaza
    St. Louis, Missouri 63101
    314-552-6000
    FAX 314-552-7000
    lfriedman@thompsoncoburn.com
    blamping@thompsoncoburn.com

*Attorneys for Defendant First Co Bancorp, Inc.*

- 6 -

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on this 23rd day of August, 2020, a true copy of the foregoing was electronically filed with the Clerk of the Court and served via U.S. mail, postage prepaid and email, upon:

Christopher W. Byron
Christopher J. Petri
411 St. Louis Street
Edwardsville, Illinois 62025
(618) 655-0600
(618) 655-4004 FAX
cwb@bcpklaw.com
cjp@bcpklaw.com

*Attorneys for Plaintiff*

                                                                             */s/ Brian A. Lamping*