IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARCIA BILLHARTZ, as trustee of the MARCIA BILLHARTZ REVOCABLE TRUST U/A DATED 10/25/1990,<br><br>    **Plaintiff,**<br><br>v.<br><br>FIRST CO. BANCORP, INC., WARD BILLHARTZ, individually, THE WARD BILLHARTZ TRUST, and MARK ZAVAGLIA<br><br>    **Defendants.** | Case No. 20-CV-817-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is Plaintiff's Marcia Billhartz, as trustee of the Marcia Billhartz Revocable Trust U/A Dated 10/25/90 ("MB") Motion to Remand to State Court. (Doc. 24). For the following reasons, Plaintiff's Motion is GRANTED.

### PROCEDURAL HISTORY

On August 11, 2020, MB filed a three (3) count Complaint in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois against defendants herein, alleging violations pursuant to 805 ILCS 5/12.56, breach of fiduciary duty and for declaratory judgment. (Doc. 1-1). On August 23, 2020, defendants filed their Notice of Removal, asserting that this Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332 because this is a civil action in which the amount in

controversy exceeds the sum or value of $75,000, exclusive of costs and interests, and this action is between citizens of different states. (Doc. 1).

On September 23, 2020, MB filed a Motion to Remand to State Court, along with Memorandum of Law. (Docs. 24 and 25). Defendant, First Co. Bancorp, Inc. ("the Bank."), filed a Memorandum in Opposition to Motion to Remand (Doc. 27). Defendants, Ward Billhartz ("WB") and Mark Zavaglia ("MZ") filed a Memorandum incorporating the argument set forth by the Bank in Opposition to Remand. (Doc. 29). Defendant, The Ward Billhartz Trust ("WB Trust"), also joined in the Bank's Opposition to Remand. (Doc. 31).

## STATEMENT OF FACTS

According to the Complaint, MB, through her trust, is a minority shareholder in the Bank, having inherited her shares in 2006 upon the death of her husband, the former Chairman and CEO of the Bank. (Doc. 1-1). MB has not received any dividends during the fourteen (14) years of ownership of the stock.

WB and MZ are employees and directors of the Bank, and are parties to the Stock Purchase and Restrictive Transfer Agreement. *Id.* MB owns 8,194 Class B common shares, which equates to 49.92% of the Class B common shares. *Id.* The WB Trust owns 1,671 Class A common shares of the Bank. *Id.* MZ owns 65 Class A common shares of the Bank. *Id.*

Under the Bank's Articles of Incorporation, Class A common shares and Class B common shares have identical rights, except that Class B common shareholders do not have a vote on matters presented to the shareholders of the corporation. *Id.* MB owns approximately 45.13%

of all common shares, i.e. of the combined number of Class A and Class B common shares. *Id.*

## LEGAL STANDARD

Removal is governed by 28 U.S.C. § 1441, which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also Yassan v. J.P. Morgan Chase & Co.,* 708 F.3d (7th Cir. 2013). Under 28 U.S.C. § 1332, a federal district court has original subject matter jurisdiction over actions involving complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008). Complete diversity means that "none of the parties on either side of the litigation may be a citizen of a state of which a party on the other side is a citizen." *Altom Transport, Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416 (7th Cir. 2012) (citations omitted).

The party seeking removal, as the proponent of federal subject matter jurisdiction, has the burden of proof as to the existence of such jurisdiction. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *see also Anglin v. Bristol-Myers Squibb Co.*, No. 12-60, 2012 WL 1268143, at *1 (S.D. Ill. Apr. 13, 2012). Failure to meet this burden results in remand of the removed case. 28 U.S.C. § 1447(c); *Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). "'Courts should interpret the

removal statute narrowly and presume that the plaintiff may choose his or her forum.' Put another way, there is a strong presumption in favor of remand." *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (quoting *Allied-Signal*, 985 F.2d at 911). "Doubts concerning removal must be resolved in favor of remand to the state court." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752 (7th Cir. 2009); *Asperger v. Shop Vac Corporation*, 524 F. Supp. 2d 1088 (S.D. Ill. 2007).

## ANALYSIS

### I. Diversity Jurisdiction

The principal issue presented for resolution is MB's state citizenship for purposes of federal subject matter jurisdiction in diversity, as the amount in controversy was not raised. (Doc. 24). For purposes of federal diversity jurisdiction, the state citizenship of a natural person is determined by the state where the person is domiciled, not the state where the person resides. *America's Best Inn, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (7th Cir. 1992). In federal law, citizenship means domicile, not residence. *Gilbert v. David,* 235 U.S. 561 (1915). Domicile is ordinarily understood to mean physical presence and the intent to remain somewhere indefinitely. *Castellon-Contreras v. INS,* 45 F.149 3d (7th Cir. 1995). In other words, domicile is found to be the state the party considers his permanent home. *Galva Foundry Co. v. Heiden,* 924 F.2d 729 (7th Cir. 1991).

This Court has previously applied a four-prong test in order to determine domicile, and whether a new domicile has been acquired. *Constance v. Brennan*, 2010 WL 3735754 (S.D.Ill. 2010). The four elements of change are: (1) physical abandonment

of the first domicile; (2) intention not to return; (3) physical presence in new domicile; and (4) intent to make that his domicile. *Id.*

The four elements, as well as the holding in *Galva* are dispositive that MB remains a domiciliary of Illinois for diversity purposes. First, MB has not physically abandoned Illinois. (Doc. 25-1). MB owns two homes in Illinois and was living at her Illinois home at the time this lawsuit was both filed and removed. *Id.* She also spends roughly 50% of her time in Illinois. *Id.* Her primary care physician and financial advisor are both located in Illinois. *Id.* Second, MB's intention is to return to Illinois. *Id.* She considers Illinois her permanent residence and has the intention to remain here indefinitely. *Id.* Her husband is buried in Illinois where she also has a burial plot. *Id.* Her remaining family, including siblings and nieces and nephews reside in Illinois. *Id.* Third, MB's physical presence is roughly 50% in Illinois, same as Florida. *Id.* Fourth, MB does not intend to make Florida her domicile. Although she obtained a Florida driver's license, registered vehicles in Florida (as well as Illinois), and filed taxes in Florida, it was all for tax purposes. *Id.* MB considers Illinois her permanent home and has always intended to return to Illinois. *Id.*

In *Galva,* similar to this case, the plaintiff, Ray Heiden, had homes in both Illinois and Florida, and the Seventh Circuit held that Heiden was domiciliary of Illinois for diversity purposes even though it was alleged he had moved from Illinois to Florida. *Galva,* 924 F.2d at 729. In so holding, the court noted that defendant was born and raised in Peoria, Illinois and lived there all his life until the facts giving rise to the suit. *Id.* at 730. Although Heiden spent several months a year in Florida, he

maintained his home in Peoria and retained his membership in both a country club and church. *Id.* Consequently, Heiden's "center of gravity" remained Peoria, Illinois, notwithstanding the changes to his voter registration and driver's license which were done for tax purposes, not to opt in or out of federal diversity jurisdiction. *Id.* Similarly, MB's center of gravity remains Illinois.

Of significance, the Court noted that because Heiden was a life-long resident of Illinois, he was unlikely to encounter hostility in the state courts because the main purpose behind diversity jurisdiction is to protect non-residents from the possible prejudice they might encounter in local state courts. *Id.* at 730. Like Heiden, MB was born in Illinois and intends to be buried there, alongside her deceased spouse. (Doc. 25-1). She is unlikely to face prejudice and/or hostilities in Madison County, Illinois, which is her chosen forum.

Defendants' reliance on the test set forth in *Cassens* is not persuasive, nor do the factors tilt so decisively to conclude that plaintiff is domiciled in Florida. (Doc. 27, p. 6); *Cassens v. Cassens,* 430 F.Supp.2d 830 (S.D.Ill. 2006). This Court accepts, contrary to defendants' assertion, that MB was living in her Illinois home at the time the lawsuit was filed and removed, and has continued to do so since. (Doc. 25-1, p.3). As such, this Court concludes that MB is a domiciliary of Illinois, and her choice of forum of Madison County, Illinois should prevail.

## II.   Forum Defendant Rule

MB also contends that this case should be remanded to Madison County, Illinois pursuant to the Forum Defendant Rule; however, this argument is superfluous as this

Court deems MB to be a domiciliary of Illinois defeating diversity jurisdiction. Notwithstanding the foregoing, when a defendant removes a case to federal court solely based on diversity jurisdiction, it must clear the additional hurdle set forth in 28 U.S.C. § 1441(b)(3), known as the "forum defendant rule." *Morris v. Nuzzo*, 718 F.3d 660, 664-65 (7th Cir. 2013). The forum defendant rule provides that a civil action, otherwise removable based solely on diversity jurisdiction, may not be removed if any of the "properly joined and served" defendants is a citizen of the state in which the action was brought. 28 U.S.C. 1441(b)(2). "The forum defendant rule is designed to preserve the plaintiff's choice of forum, under circumstances where it is arguably less urgent to provide a federal forum to prevent prejudice against an out-of-state party." Morris, 718 F.3d at 665 (internal citations and quotations omitted).

This case was removed on the basis of diversity jurisdiction alone, so defendants would normally be required to overcome the additional hurdle of the forum defendant rule; however, that is not necessary because of MB's domicile, and the court declines to delve any further into this issue.

### III.   Gamesmanship

Finally, MB argues that this case was removed as an act of gamesmanship. Because this is not a legal argument and because domicile has been established defeating diversity jurisdiction, this argument is moot.

### CONCLUSION

For these reasons, the Court GRANTS Plaintiff Marcia Billhartz, as trustee of the Marcia Billhartz Trust's Motion to Remand to State Court (Doc. 24) and REMANDS

this action to the Circuit Court for Madison, Illinois.

**IT IS SO ORDERED.**

**DATED: November 5, 2020**

**/s/Stephen P. McGlynn**
**STEPHEN P. McGLYNN**
**U.S. District Judge**

Case 3:20-cv-00817-SPM   Document 33   Filed 11/05/20   Page 8 of 8   Page ID #246